IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRUCE M. BRADFORD,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 11 C 00037<br>**VILLAGE OF LOMBARD, POLICE CHIEF RAY** )<br>**BYRNE, BOARD OF FIRE AND POLICE** )<br>**COMMISSIONERS OF THE VILLAGE OF** )<br>**LOMBARD,** )<br>)<br>Defendants. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Bruce Bradford filed a two-count complaint against defendants the Village of Lombard ("Village"), Police Chief Ray Byrne, in his individual capacity, and the Board of Fire and Police Commissioners of the Village of Lombard ("Board"). Count I of Bradford's complaint alleges retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") against defendants Byrne and the Village. In Count II, Bradford seeks administrative review of the Board's decision to terminate his employment under the Illinois Administrative Review statute, 735 ILCS 5/3-101, *et seq.* Byrne and the Village have moved for summary judgment on Count I. The Board has also filed a motion to decline pendant jurisdiction with respect to Count II. For the following reasons, I grant both motions.[1]

---

[1] Bradford has also filed two motions to strike, which I deny as moot. Bradford's motion to strike certain paragraphs of

I.

Bradford was employed as a police officer with the Lombard Police Department ("LPD") from 1998 until December 2010. During his twelve-year career, Bradford consistently received an overall rating of "meets" or "exceeds" on his annual performance reviews. In August 2009, Bradford filed a FLSA action against the Village in the United States District Court for the Northern District of Illinois, Eastern Division. In June 2010, the FLSA action was dismissed with prejudice pursuant to a settlement agreement reached between Bradford and the Village.

On March 20, 2010, Bradford, who was not on duty, was driving his personal vehicle out of a parking lot when he spun out in slippery conditions. Bradford momentarily lost control of the vehicle and his vehicle jumped the curb at an angle. Two citizens witnessed the incident and reported it to the LPD. Acting on the citizens' reports, two LPD sergeants investigated the motor vehicle incident and determined based on the license plate number that the vehicle involved was one driven by Bradford. That same day, Bradford was issued two tickets as a result of the investigation. The culmination of this

---

the Byrne affidavit is moot because I did not rely on the affidavit, or the dependent facts, in reaching my decision. As to Bradford's motion to strike certain of defendants' answers to plaintiff's statement of additional facts, the facts to which the defendants objected were not material to the issues presented on summary judgment and I did not consider the facts or the objections in reaching my decision.

investigation lead to a judicial finding in state court that beyond a reasonable doubt there was a collision between Bradford's vehicle and a Village fire hydrant.  (*People of the State of Ill. v. Bradford*, Case No. 10 TR 38433, Defs.' L.R. 56.1 Statement of Material Facts, Ex. 11).

The LPD also conducted an internal investigation into the motor vehicle incident, and this investigation was conducted by Lt. Tom Wirsing.  As part of the investigation, Wirsing formally interrogated Bradford.  In his formal investigation report, Wirsing indicated that he believed that Bradford's actions on March 20, and his lack of truthfulness during the formal interrogation warranted discipline as deemed appropriate by Byrne or the Board.  It is undisputed that Byrne did not discuss the then-pending FLSA action with Wirsing and that Wirsing conducted the investigation independently and without input from anyone. Byrne reviewed Wirsing's report, along with the supporting evidence provided with the report.  On July 9, 2010, Byrne filed formal charges against Bradford with the Board.  That same day, Byrne also filed a motion with the Board seeking Bradford's suspension pending a hearing on the charges.  Following a series of hearings, the Board suspended Bradford without pay in September 2010.  On October 23, 2010, the Board held an evidentiary hearing regarding the charges, and on December 2, 2010, the Board terminated Bradford's employment.

II.

To establish a prima facie case of retaliation, Bradford must show: (1) he engaged in a protected activity under FLSA; (2) he suffered an adverse employment action; and (3) there was a causal link between the two. *Stutler v. Ill. Dept. of Corrections*, 263 F.3d 698, 702 (7th Cir. 2001) (citation omitted); *Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999). The parties agree that Bradford satisfied the first element, engaging in a protected activity, when he filed his August 2009 FLSA action. The parties disagree as to whether Bradford has shown that there is a disputed issue of fact as to the adverse employment action and causation elements of his prima facie case.

Defendants argue that Bradford has failed to satisfy the second and third prongs of his prima facie case of retaliation. First, they argue that Byrne's decision to file charges against Bradford with the Board does not constitute an adverse employment action because the terms and conditions of Bradford's employment remained unchanged at the time the charges were filed. Next, defendants argue that there was no causal relation between the August 2009 FLSA action and the decision to file charges. At best, plaintiff has shown that there is a question of fact as to the causal link between the August 2009 FLSA action and Byrne's

4

decision to file formal charges with the Board.  But because I conclude that Bradford has failed to establish a causal link between the August 2009 FLSA action and his *termination*, I will not reach the issue of whether Bradford has established that he suffered an adverse employment action.[2]

While plaintiff ascribes a retaliatory animus to Byrne and the Village, it was the Board that fired Bradford.  Plaintiff has not brought his retaliation claim against the Board and he does not dispute that under Illinois law and Board rules, Byrne lacked the authority to issue a suspension of more than five days.  (Pl.'s Resp. to Defs.' L.R. 56.1 Statement of Facts, ¶ 65).  Pursuant to the Illinois municipal code, any disciplinary action in excess of a five-day suspension can only be issued by the Board after a hearing.  65 ILCS 5/10-2.1-17.  In other words, Byrne could not have terminated Bradford's employment; only the Board could take such action.  None of the evidence that plaintiff cites suggests that any taint of the alleged retaliatory filing of charges infected the October 23, 2010,

---

[2] I note, however, that plaintiff has acknowledged that his formulation of the alleged adverse employment action is dependent upon his termination.  Plaintiff observes that he did not have a legal claim until he was fired in December 2010.  (Pl.'s Resp. to Defs.' Mot. for Summ. Judgment, at 3) (DN 85).  He also explains that his theory of liability is that "'but for' Defendants' retaliatory animus, no charges would have been filed against him and his employment accordingly would not have been terminated." (*Id.* at 4-5).  In other words, plaintiff recognizes that there can be no adverse employment action without his ultimate termination.

5

hearing or the Board's decision to terminate plaintiff's employment.

When the decision maker is not the same person who is allegedly the source of the retaliatory animus, the plaintiff must provide evidence that the decision maker knew of the FLSA complaint, *Walters v. Central States Coca-Cola Bottling Co.*, 51 Fed. Appx. 969, 971 (7th Cir. 2002) (finding that "the individuals who terminated [the plaintiff] could not have done so in retaliation for a complaint they did not know about"), or was somehow influenced by the discriminating individual, *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, (7th Cir. 1997) (holding, in a Title VII case, that a non-discriminating decision maker can be considered the real cause of an adverse employment action only when a discriminating employee influences a decision "by concealing relevant information from the decisionmaking employee or feeding false information to him").

Bradford has not shown that the Board knew of his August 2009 FLSA action nor has he submitted evidence to support a finding that Byrne influenced the Board's decision to terminate Bradford's employment.  Because plaintiff lacks evidence sufficient to lead a reasonable juror to impute Byrne's allegedly retaliatory animus to the Board, plaintiff cannot establish a causal link between the August 2009 FLSA action and an adverse employment action.  As such, plaintiff has failed to establish a

prima facie case of retaliation, making an analysis of defendants' legitimate, nondiscriminatory reasons for filing the charges irrelevant.

The Board also requests that I relinquish jurisdiction over the claims in Count II, which is a state law action for administrative review of the Board's decision to terminate Bradford's employment. "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotations and citation omitted). There are three exceptions: (1) when the statute of limitations has run on the pendent claim, preventing the plaintiff from filing a suit in state court; (2) substantial judicial resources have already been committed; or (3) when it is clear how the pendent claims should be decided. *Id.* at 514-15. None of the exceptions applies here, and I therefore decline to retain jurisdiction over plaintiff's state-law claim now that the federal claim is dismissed.

### III.

For the foregoing reasons, Byrne and the Village's motion for summary judgment is granted, and the Board's motion to decline jurisdiction is also granted.

                    **ENTER ORDER:**

                    _____
                        **Elaine E. Bucklo**
                    United States District Judge

Dated: May 10, 2012